UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:09-cr-37 |
| | ) | |
| | ) | Judge Mattice/Carter |
| WILLIAM THOMAS MCMAHAN; | ) | |
| ROGER DWIGHT RITCH; CARRIE | ) | |
| CAMERON GALVIN SNOW; | ) | |
| JONATHON B. HENDERSON; AND | ) | |
| BRADLEY AYDELOTT. | ) | |

## FACTUAL BASIS – ROGER DWIGHT RITCH

In support of the defendant's guilty plea, the United States offers the following facts which satisfy the elements of the offenses to which the defendant is pleading guilty, *i.e.*, wire fraud and money laundering. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

Beginning as early as January 2004, and continuing until on or about December 20, 2006, the defendant **ROGER DWIGHT RITCH** knowingly participated in a scheme to defraud. Ritch and McMahan agreed to qualify uncreditworthy home buyers in order to obtain loans to sell Ritch's houses. McMahon was engaged in the business of obtaining mortgages for a fee and operated in the name of Mortgage Processing Services ("MPS"). Roger Dwight Ritch, was a real estate developer and operated in the name of American Value Homes ("AVH"). Ritch also owned Value Title, which was engaged in the business of searching titles, facilitating the exchange of money and title between the buyers and sellers, and other related services necessary to the selling of real estate. Value Title previously operated under the name of Cameron Escrow and was owned

by Carrie Cameron Galvin Snow. She thereafter became Ritch's employee at Value Title. Bradley Aydelott, was an employee of defendant McMahan's from January 2004 until January 2007. Jonathon B. Henderson, was employed by Focus Research Group and processed loan applications for MPS.

The gist of the conspiracy was to sell houses Ritch had developed, but were not selling fast enough for a positive cash flow. McMahan caused false statements to be made on loan applications in order to obtain loans for non-existent or unqualified buyers. He misrepresented the amount of down payments made by the borrowers. He also falsely represented the employment status and income of borrowers. The defendants frequently misrepresented the sales price to borrow more money than necessary to make the purchase. McMahan would run a credit history on the potential buyer and determine how large a cash payment would be necessary to boost the buyer's creditworthiness. He would then direct Ritch to put the money in the buyer's account and take it back out after closing. The loan applications were mailed. One of these fraudulent applications, relating to a property located at 103 Cottonwood Drive, Shelbyville, Tennessee, was placed in the U.S. Mail in Shelbyville and mailed to Ownit Mortgage Solutions, Inc., 11700 Great Oaks Way, Ste 360, Alpharetta, Georgia.

Aydelott and Henderson acted at McMahan's direction. Aydelott entered false statements on the loan applications indicating the purchaser was employed by Focus Research Group. He then faxed the applications to defendant John Henderson so that Henderson could falsely verify the purchaser's employment with Focus Research. Aydelott advised he received $400 for each of these false loans and estimated he received a total of $100,000 from the false loans. McMahan

paid Henderson $1000 on each deal to misuse his position at Focus Research to verify would-be buyers' employment at the firm.

Proof of the money laundering conspiracy is predicated upon various defendants obtaining loans under false pretenses and the downstream distribution of those proceeds by the title company. All of the fraudulently obtained loans were in amounts greater than $10,000 and involved transactions conducted though federally insured financial institutions. All of the properties involved were those Ritch needed to sell. The funds were sent to the title company, which then wrote checks from bank accounts in amounts greater than $10,000 to Ritch, the seller. Defendants Henderson and McMahon both purchased properties and obtained financing under false pretenses. On some occasions, McMahan applied for loans in an amount 5% over the amount needed to purchase the home. The lender wired the loan proceeds to Carrie Snow, who then wrote a check payable to Aydelott in an amount 5% over the amount needed to purchase the home. Aydelott endorsed and cashed the checks and deliver the cash to McMahan, who divided the cash between himself, Aydelott, and Snow. These transactions were conducted through federally insured financial institutions in Shelbyville, Tennessee, and elsewhere. Each of the defendants agreed to participate in the conspiracy to conduct monetary transactions in amounts greater than $10,000, knowing that these funds were criminally derived proceeds from the wire fraud scheme to defraud the mortgage lenders. Aydelott estimated he received a total of $60,000 from these loan overages.

Virtually all of the loans are in default and the properties are in foreclosure. The defendant and the United States agree that the loss is approximately $2.3 million. This figure is based upon the difference between the loan amount and the actual sales price of the properties following foreclosure.

>Respectfully submitted,
>JAMES R. DEDRICK
>UNITED STATES ATTORNEY
>
>By: s/ Gary S. Humble
>GARY S. HUMBLE
>ASSISTANT U. S. ATTORNEY
>1110 Market Street, Suite 301
>Chattanooga, Tennessee 37402
>(423) 752-5140

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2009, a copy of the foregoing Factual Basis was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

>By: s/ Gary S. Humble
>GARY S. HUMBLE
>ASSISTANT U. S. ATTORNEY